UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
NO. 08-CR-141 (MJD/AJB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S POSITION** |
| v. | ) | **ON SENTENCING** |
| | ) | |
| DAVID EUGENE WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys Frank J. Magill, Jr., United States Attorney for the District of Minnesota, and William J. Otteson, Assistant United States Attorney, hereby submits its position with respect to the Defendant's sentence in this matter.

The United States has no unresolved objections to either the factual findings or the Guideline calculations contained in the Presentence Report ("PSR"). The PSR found the Defendant to be an Armed Career Criminal under Section 924(e) of Title 18 of the United States Code. As a result, a 15-year mandatory statutory minimum term of imprisonment applies. The advisory Guideline range is 188 to 235 months imprisonment.

In the parties' plea agreement, the Defendant reserved his right to object to the determination that he is an Armed Career Criminal, on the ground that two of his qualifying prior convictions were not "committed on occasions different from one another." See Plea Agreement ¶ 3. Specifically, the Defendant has two prior convictions for Aggravated Robbery in Hennepin County. See PSR ¶¶ 25-26. The offenses took place on the same date,

September 2, 1991. The first took place on West Lake Harriet Parkway in Minneapolis at approximately 11:40 p.m. against one victim. The second took place near East Calhoun Parkway at approximately 11:50 against a second victim. The Defendant pleaded guilty to both offenses, receiving a 58-month sentence in the first case and a 64-month sentence in the second. The Defendant was sentenced to both offenses on the same date and the court ordered the sentences to be served concurrently.

The United States understands that the Defendant is now objecting to the determination that these offenses were not "committed on occasions different from one another" and should only count as one qualifying prior conviction for section 924(e) purposes. However, this Court should find that, under applicable Eighth Circuit precedent, the two qualifying offenses must be treated separately and count as two qualifying prior convictions. Taken together with the Defendant's 1998 conviction for Third Degree Sale of a Controlled Substance, they support the finding that the Defendant is an Armed Career Criminal.

Section 924(e) provides that a defendant who is convicted of being a felon in possession of a firearm and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" is subject to a mandatory minimum sentence of fifteen years imprisonment. 18 U.S.C. § 924(e)(1). Previous convictions occur "on occasions different from one another" if they are separate and

distinct criminal episodes that did not result from a "continuous course of conduct." United States v. Hamell, 3 F.3d 1187, 1191 (8th Cir. 1993).

In United States v. Gray, 152 F.3d 816 (8th Cir. 1998), the Eighth Circuit determined in the context of 21 U.S.C. § 841(b)(1)(A) that a defendant's prior felony drug convictions constituted separate convictions. In Gray, the defendant sold methamphetamine to the same undercover officer on two consecutive days. The court stated that "the two transactions were distinct in time, occurring on separate days, required separate planning and execution by both Gray and the informant, each sale was separately arranged, neither was contingent on the other, payment was made separately, and Gray's supply source for the drugs was different." Gray, 152 F.3d at 821. The fact that the defendant received concurrent sentences did not impact the court's conclusion that they were separate criminal episodes. The court concluded that, "although Gray's two drug sales may have formed a series or pattern of drug transactions, each methamphetamine sale was a separate, punctuated occurrence with a limited duration . . . and, therefore, constituted separate convictions for purposes of sentencing pursuant to § 841(b)(1)(A)." Gray, 152 F.3d at 822.

The Eighth Circuit thereafter applied the same reasoning from Gray when considering prior convictions under section 924(e). In United States v. Speakman, 330 F.3d 1080 (8th Cir. 2003), the court determined that a defendant's prior criminal conduct constituted separate offenses. The court noted that, although it had "decided Gray pursuant to a different enhancement statute [21 U.S.C. § 841(b)(1)(A)], the same reasoning applies [to 18 U.S.C.

3

§ 924(e)]." Speakman, 330 F.3d at 1082-83. The court found that "this is particularly so, because § 924(e) specifically notes that it is the occurrence of the criminal activity, not the conviction, that dictates the enhancement decision." Speakman, 330 F.3d at 1083 (citing United States v. Cardenas, 217 F.3d 491 (7th Cir. 2000)). Moreover, the fact that the defendant made repeated sales to the same customer over a "condensed time period" were not relevant factors in determining whether they were separate offenses under section 924(e). See Speakman, 330 F.3d at 1082.

Recently, the Eighth Circuit summarily reaffirmed Speakman, in a case originating from this Court, finding that a defendant was an Armed Career Criminal. United States v. Van, 543 F.3d 963, 966 (8th Cir. Oct. 3, 2008). The court rejected the defendant's argument that two prior convictions for crack sales, occurring thirty minutes apart on the same date, were not separate offenses under section 924(e). Id.

While much of the aforementioned case law involved prior drug offenses, the Eighth Circuit has applied the same reasoning when evaluating violent felonies such as robberies, assaults, and burglaries. In United States v. Hamell, 3 F.3d 1187, 1191 (8th Cir. 1993), the court found that two assaults against different victims occurring only twenty-five minutes apart were separate offenses under section 924(e). The court found that, even though the crimes occurred "within minutes" of one another, they "were separate and distinct criminal episodes that did not result from a continuous course of conduct." Id.

4

Similarly, in United States v. Deroo, 304 F.3d 824, 828-29 (8th Cir. 2002), the court found that a defendant's three prior burglary convictions, each occurring on the same night but at different cabins on different lakes, constituted separate offenses under section 924(e). The court found they were not part of a "continuous course of conduct," noting that "[e]ach cabin had a different owner" and that, even if it were true that they took place within one hour of each other, "the burglaries involved breaking into three separate homes located on different lakes and unrelated victims who suffered individual losses of varying types of property." Id. at 828.

In United States v. Lillard, 116 Fed. Appx. 49, 50 (8th Cir. 2004) (per curiam), the court upheld a district court's finding that a defendant's two prior robbery convictions were properly treated as separate offenses under section 924(e) because they took place at different times and against different victims. Id. (citing Speakman, 330 F.3d at 1083). Similarly, in United States v. McCaul, 249 Fed. Appx. 482 (8th Cir. 2007) (per curiam), the court found that a defendant's three prior robbery convictions counted as separate predicate offenses even though they occurred on the same day. Id. (citing, among other cases, Hamell, 3 F.3d at 1191, and Deroo, 304 F.3d at 828).

Here, the Court should follow this long line of precedents and find that the Defendant's two aggravated robbery convictions were committed on "occasions different from one another," and thus make him an Armed Career Criminal under section 924(e). The

5

robberies constituted separate, complete, and distinct offenses. They occurred at different times, in different places, and against different victims. See PSR ¶¶ 25-26.

As an Armed Career Criminal, the Defendant is subject to a 15-year minimum term of imprisonment and an advisory Guideline range of 188 to 235 months imprisonment. The United States respectfully submits that a sentence within this advisory Guideline range will meet the sentencing factors of section 3553(a) by protecting the public, deterring the defendant from committing additional crimes, reflecting the seriousness of his offense, promoting respect for the law, and providing just punishment.

For all the above reasons, the United States asks the Court to find the Defendant is an Armed Career Criminal, and to sentence within the advisory Guideline range of 188 to 235 months imprisonment.

Respectfully submitted,

Date: December 31, 2008

FRANK J. MAGILL, JR.
United States Attorney

s/ William J. Otteson

BY: WILLIAM J. OTTESON
Assistant U.S. Attorney