UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.                                     **MEMORANDUM OPINION AND ORDER**

David Eugene Wright,               Criminal No. 08-141

    Defendant/Petitioner.

_____

    William J. Otteson, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

    Defendant/Petitioner, *pro se.*

_____

    This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

**I.  Factual Background**

    Petitioner entered into a Plea Agreement with the United States on October 22, 2008 by which he agreed to plead guilty to a single-count Superseding Indictment charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). In the Plea Agreement, Petitioner reserved the right to argue that his two prior aggravated robbery convictions were not "committed on

1

occasions different from one another" and that he therefore is not subject to a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Plea Agreement ("PA") ¶ 3.

At sentencing, Petitioner argued that his two prior robbery convictions should not be treated as separate convictions for the purposes of Section 924(e) because they took place only ten minutes apart, at locations close together and did not require separate planning.  The Court rejected Petitioner's argument, finding that the robberies were separate offenses because they involved different victims and were committed in different locations.  Applying the Armed Career Criminal enhancement, the guideline range was determined based upon a total offense level of 31 and a criminal history category of VI.  Petitioner was thereafter sentenced to 180 months in prison; the statutory mandatory minimum sentence under Section 924 (e).

Petitioner appealed his sentence to the Eighth Circuit Court of Appeals on February 11, 2009.  See United States v. Wright, 356 Fed. Appx. 886 (8th Cir. 2009).  Petitioner again argued that the robberies should be treated as separate convictions because of their proximity in time and physical location, and because they were a continuous course of conduct.  Id. at 887.  The Eighth Circuit

affirmed this Court's judgment, holding that the robberies were two distinct convictions for the purposes of Section 924(e).

Petitioner brings this petition to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that he is entitled to relief because his sentence was in excess of the maximum authorized by law and he received ineffective counsel.

## II.   Discussion

### A.   Standard

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255 (a). However, a § 2255 motion does not serve as a substitute for a direct appeal. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000) (citing Bousley v. United States, 523 U.S. 614, 621-22 (1998)).  Failure to raise an issue on direct appeal ordinarily constitutes a procedural default, barring a petitioner from raising the issue for the first time in a § 2255 motion.  Id.  This rule applies equally whether the conviction was obtained through trial or pursuant to a guilty plea.  Matthews

v. United States, 114 F.3d 112, 113 (8th Cir. 1997).  The procedural default may be excused only if the petitioner can demonstrate cause for the default and actual prejudice from the errors asserted or by demonstrating actual innocence.  McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001) (citing Bousley, 523 U.S. at 622); see also United States v. Bailey, 235 F.3d 1069, 1072 (8th Cir. 2000).

Petitioner did not raise the "functionally consolidated" and underage conviction claims on appeal.  He is therefore barred from bringing the claims for the first time in his § 2255 motion.  Even if Petitioner was not procedurally barred from raising these claims, they fail on the merits.

### 1. "Functional Consolidation" Claim

In his § 2255 motion, Petitioner argues that his two robbery convictions should be considered as one because they were "functionally consolidated" for purposes of sentencing.  See Motion at 3-4.  However, at sentencing and on appeal, Petitioner's only arguments that the two robberies were committed on separate occasions were that they occurred within ten minutes of each other, both robberies occurred in the same general area, and they did not require separate planning.  See Defendant's Position Pleading and Memorandum of Sentencing (DPP) at 5.  Petitioner could have raised the "functionally consolidated"

argument on appeal but did not and gives no reason for the failure to do so in his § 2255 motion. Petitioner failed to establish cause and does not address prejudice or actual innocence. Thus, the Court cannot excuse the procedural default on these bases.

Even if Petitioner is not procedurally barred from raising the issue, the claim fails on the merits. In Buford v. United States, the Supreme Court held that a sentencing judge must count as a single prior felony conviction all those "related to" one another for the purposes of § 4A1.2(a)(2). 532 U.S. 59, 60-61.

In his § 2255 motion, Petitioner argues that by citing the Seventh Circuit's United States v. Joseph opinion in Buford, the Supreme Court favors the Seventh Circuit rule that "two prior convictions might have been 'consolidated for sentencing' and hence 'related' even if the sentencing court did not enter any formal order of consolidation." 50 F.3d 401, 404 (7th Cir.), cert. denied, 516 U.S. 847 (1995). However, in United States v. Paden, the Eighth Circuit explicitly refused to interpret Buford in such a manner. 330 F.3d 1066, 1068 (8th Cir. 2002). It held instead that even if separate pleas were entered on the same day and the sentences were ordered to be served concurrently, the cases are not "related" for the purposes of § 4A1.2(a)(2) if they proceeded under separate docket numbers

and were never formally consolidated. Id.; see also United States v. Klein, 13 F.3d 1182, 1185 (8th Cir. 1994).

Petitioner's robberies had separate docket numbers and were not formally consolidated by order. Therefore, they are not "related" for the purposes of § 4A1.2(a)(2) and the robberies were correctly treated as two separate crimes by the Court in determining Petitioner's offense level.

## 2. Underage Conviction Claim

Petitioner further argues that the two robbery convictions should not be considered predicate convictions for purposes of the Armed Career Criminal enhancement because they occurred before Petitioner was eighteen years of age and more than five years before the commencement of the instant offense. See Motion at 5[1]. Petitioner failed to raise this issue on appeal, therefore, he is barred from raising the issue here.

Even if Petitioner were not barred from raising the issue here, the claim nonetheless fails on the merits. The ACCA provides a sentence enhancement for

---

[1]In his Traverse, Petitioner concedes this argument, claiming insufficient access to adequate resources to research the matter but asks the court to withdraw the claim without prejudice. See Traverse in Response to Government's Motion in Opposition ¶ 3. As Petitioner is not allowed to bring successive habeas petitions, absent new evidence or a new rule of constitutional law, the Court will address the issue at this time.

individuals who have at least three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1). "Violent felony" is defined as:

> . . . any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructible device that would be punishable by imprisonment for such term if committed by an adult, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . .

Id. at § 924(e)(2)(B).

The term "conviction" is defined to include "a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. § 924(e)(2)(C).

Petitioner was sixteen years old when he committed the two aggravated robberies. For both robbery offenses, he was certified as an adult by the Hennepin County District Court and his sentence exceeded a term of one year. Moreover, the aggravated robberies qualify as a "violent felony." During the commission of the robberies, Petitioner used a cane as a weapon. Under Minn. Stat. § 609.245, to be found guilty of aggravated robbery, a person must commit the robbery "with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or

inflicts bodily harm upon another." Petitioner's aggravated robberies thus meet the statutory definition of "violent felony" and falls within the scope of the ACCA's definition of a "conviction."

Petitioner argues, however, that U.S.S.G. § 4A1.1, commentary note 3 indicates that because Petitioner's sentence was for an offense committed prior to his eighteenth birthday, it should not count towards the armed career criminal determination as the sentence was not imposed within five years of the commencement of the current offense. Petitioner's reliance on the commentary to § 4A1.1 is misplaced, however, because the appropriate guideline section is § 4B1.4 "Armed Career Criminal." Because the prior convictions were appropriately determined to be predicate convictions for purposes of the Armed Career Criminal enhancement, it is irrelevant that the sentences for such convictions did not occur within five years of the instant offense.

### 3.     Ineffectiveness of Counsel Claim

Petitioner argues that he was denied effective counsel because during the course of proceedings, Petitioner's counsel failed to challenge an improper four-point sentencing enhancement under U.S.S.G. § 2K2.1(b)(6) for possessing a firearm in connection with another felony offense. <u>See</u> Motion at 5. Although the

issue was not raised on appeal, claims of ineffective assistance of counsel may constitute both cause and prejudice. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999) (citation omitted). However, because Petitioner was not prejudiced by the alleged error, his § 2255 motion cannot be granted on the grounds of ineffective assistance of counsel.

Claims of ineffective assistance of counsel must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland test, Petitioner must prove both that 1) counsel's representation was deficient, and 2) the deficient performance prejudiced his case. Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988) (citing Strickland, 466 U.S. at 687).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms. Strickland, 466 U.S. at 688. The inquiry should be whether counsel's assistance was reasonable considering all of the circumstances surrounding the case. Id. Judicial scrutiny of counsel's performance should be highly deferential and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689. To satisfy the second prong under the Strickland test, Petitioner must show that but

for the counsel's errors, the Court would have made a different decision in Petitioner's case. Id. at 691. The analysis may begin with the second prong and if Petitioner fails to show actual prejudice, the Court need not consider the reasonableness of counsel's behavior. Id.

Petitioner contends that he received ineffective assistance of counsel because his attorney did not object to what Petitioner believed to be an improper four-point enhancement under U.S.S.G. § 2K2.1(b)(6) for the possession of a firearm in connection with another felony offense. See Motion at 5. Section 2K2.1(b)(6) states that the cumulative offense level increases by four points if "the defendant used or possessed any firearm or ammunition in connection with another felony offense."

Petitioner argues that the Court erred in applying the four-point enhancement to his total offense level because the government did not establish that the firearm in his possession was used "in connection" with the drug offense. See Motion at 6. However, even if Petitioner is correct in his assertion that the enhancement was erroneously applied, he cannot meet the second prong of the Strickland test because the enhancement had no impact on his final offense level score or his imposed sentence.

Petitioner claims that without the enhancement, his total offense level would have been 21 and his recommended sentence should have fallen between 70-87 months. See Traverse at 6. This would be the case if Petitioner were not found to be an Armed Career Criminal under § 924(e). However, because Petitioner was appropriately determined to be an Armed Career Criminal, his total offense level was 31, regardless of whether the Court applied the four point enhancement under § 2K2.1(b)(6). As such, the recommended range of his sentence was between 188-235 months. In addition, Petitioner was sentenced to the statutory mandatory minimum sentence of 180 months, which was less than the lower end of the sentencing range recommended by the U.S.S.G for an offense level of 31.

As Petitioner cannot establish the second prong of the Strickland test, the Court finds no merit to Petitioner's claim of ineffective assistance of counsel. Accordingly, the § 2255 motion cannot be granted on that basis.

### III.    Certificate of Appealability

An applicant for a writ of habeas corpus may not take an appeal unless a judge issues a certificate of appealability under 28 U.S.C. § 2253(c); see also Fed.R.App.P.22. In order for a certificate of appealability to issue, an applicant

must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issue differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Based on the files, records and proceedings herein, the Court finds no basis upon which to grant Petitioner a certificate of appealability.

**IT IS HEREBY ORDERED** that the Petition to Vacate, Correct or Set Aside Sentence [Doc. No. 70] is **DENIED**. The Court denies a certificate of appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: July 22, 2011

                                      s/ Michael J. Davis
                                      Michael J. Davis
                                      Chief Judge
                                      United States District Court